# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JOSEPH BUDD,<br><br>             Plaintiff,<br><br>     v.<br><br>FLEMMING, *et al.*,<br><br>             Defendants. | Case No.  1:23-cv-00748-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE AND DISCOVERY AS PREMATURE<br><br>(ECF No. 7) |

Plaintiff Eric Joseph Budd ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint has not yet been screened.

Currently before the Court is a letter from Plaintiff, filed June 14, 2023, and docketed as a motion for service and discovery.  (ECF No. 7.)  Plaintiff asks for information regarding who is responsible for getting Defendant Flemming "the documents he is allowed or required to view per the law."  Plaintiff includes other allegations that may be related to the merits of the case.  The Court construes Plaintiff's letter as a request for service of process or a request to open discovery in this action.

Plaintiff's requests are premature and are denied without prejudice.  The Court has not screened Plaintiff's complaint to determine whether it is subject to dismissal or whether the action should proceed to discovery on Plaintiff's claims.  28 U.S.C. § 1915(e)(2)(B)(ii)

("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted.")  The complaint has not been ordered served, no defendants have appeared, and discovery has not been opened.  Plaintiff's complaint will be screened in due course, and if it is found to state any cognizable claims against any defendants, the Court will order service on the appropriate defendant(s), a responsive pleading will be filed, and the Court will then issue an order opening discovery.  The Court will issue the appropriate orders at the appropriate times to progress this action, and Plaintiff does not need to file a motion requesting service or discovery.

Finally, to the extent Plaintiff is attempting to challenge his criminal conviction or the validity of his continued confinement, the exclusive method for asserting that challenge is by filing a petition for a writ of habeas corpus, not a civil rights action.  It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief.  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

Accordingly, Plaintiff's motion for service and discovery, (ECF No. 7), is HEREBY DENIED as premature.

IT IS SO ORDERED.

Dated:   **June 16, 2023**                              /s/ *Barbara A. McAuliffe*
                                                                         UNITED STATES MAGISTRATE JUDGE